UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

APR 05 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING | CIVIL ACTION NO.: 1:19cv224 H50-JCG<br>Admiralty – Rule 9(h) |
| VERSUS | |
| M/V ANNE, her engines, tackle, apparel, etc., *in rem* | |

## **VERIFIED COMPLAINT**

The Complaint of Plaintiff, American River Transportation Co., LLC d/b/a ARTCO Stevedoring ("ARTCO"), against Defendant, M/V ANNE, her engines, tackle, apparel, etc., *in rem*, in a cause of action under 46 U.S.C. § 31342 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, avers as follows:

1.

At all times hereinafter, Plaintiff, ARTCO, was and is now a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in the State of Illinois, doing business within the State of Mississippi.

2.

At all times hereinafter, Defendant, M/V ANNE (the "Vessel"), was and is now a bulk carrier bearing IMO No. 9593294 with an overall length of 190 meters, a breadth of 32.26 meters, and flying under the flag of Singapore. The vessel is or will be in the jurisdiction of the Southern District of Mississippi.

3.

This is a claim, *in rem*, under the maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.

ARTCO Stevedoring owns and operates a mid-stream buoy berth located at Mile 110 AHP, Lower Mississippi River. This berth provides dockage, stevedoring services, line handling service, tug services, and other necessaries to ocean going vessels in order to facilitate the loading/unloading of cargo.

5.

On or about March 21, 2019, the Vessel entered the ARTCO Stevedoring berth in order to unload its cargo. Prior to entering the berth, the Master of the Vessel and the agent for the Vessel signed an Application for Berth Ocean Going Vessels ("Berth Application") on behalf of the Vessel and its owners/operators in which the Vessel and its owners/operators agreed to follow and comply with all rules and regulations of American River Transportation Co., LLC d/b/a ARTCO Stevedoring Published Ship Mooring & Associated Fees and Rules ("ARTCO Stevedoring Rules").

6.

In relevant part, the ARTCO Stevedoring Rules provide the following:

> The signed Application for Berth, when received by the facility or berth with delivery of other documents set out in this paragraph II. C, and/or the use of the facilities and services, and/or the mooring and/or anchoring of the vessel, shall constitute a contract between ARTCO STEVEDORING and the vessel and the User to abide by the rules and regulations of and to be jointly and severally liable for all charges of whatsoever kind or nature in this document

> and for any liabilities arising therefrom. All charges incurred by the vessel and Users, as set forth in this document, shall be the responsibility of and payable by the representative of the vessel and/or User that files the Application for Berth.
>
> …
>
> Vessel shall vacate the berth within three (3) hours of completion of cargo operations. If the vessel refuses or fails to vacate the berth within three (3) hours after cargo operations are complete, ARTCO STEVEDORING shall be entitled to charge and recover as liquidated damages, the sum of $7,500.00 per hour for each hour or fraction thereof, regardless of any intervening circumstances of any nature, until the vessel sails from the berth.

7.

While in the berth, the Vessel incurred charges for several services, including but not limited to dockage services, launch boat services, tug services, and line handling services.

8.

The Vessel completed cargo operations on March 30, 2019 at approximately 0700 hours. However, the Vessel was unable to leave the berth until March 31, 2019 at approximately 0815 hours. The delay was caused because the Vessel had an air draft in excess of the air draft restriction put in place so that vessels can pass safely under a bridge heading out of Southwest Pass. In order to reduce its air draft, the Vessel had to take on ballast. Per the ARTCO Stevedoring Rules, the Vessel began incurring charges for its failure to vacate the berth starting at 1000 hours on March 30, 2019 and continued to incur such charges until it vacated the berth at 0815 hours on March 31, 2019, a total of 22.25 hours.

9.

The charge for failure to vacate the berth is $7,500/hour, which for 22.25 hours is $166,875.31.

10.

ARTCO Stevedoring presented an invoice in the amount of $185,675.31 to the Vessel, which represents the balance due to ARTCO Stevedoring for all services provided to the Vessel at the berth and the charges for the Vessel's failure to vacate. To date, the outstanding balance has not been paid.

11.

Pursuant to the Berth Application and the ARTCO Stevedoring Rules, the Vessel is obligated to pay the fees for services provided to it in the berth and the charges for failure to vacate, together with court costs and expenses incurred by ARTCO Stevedoring. Moreover, ARTCO Stevedoring has a maritime lien against the Vessel, as the damages claimed herein arise from ARTCO Stevedoring's provision of necessaries to the Vessel pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq*. The FMLA [Federal Maritime Lien Act] defines "necessaries" as including "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). In Equilease v. M/V SAMPSON, the Fifth Circuit described "necessaries" as a broad class that includes "most goods or services that are useful to the vessel, keep her out of danger and enable her to perform her particular function." Equilease v. M/V SAMPSON, 793 F.2d 598, 603 (5th Cir. 1986) (en banc). Certain services, such as stevedoring, wharfage and dockage, consistently have been recognized as being necessary to the operation of a vessel, and therefore capable of lien status. See Thomas J. Schoenbaum, Admiralty and Maritime Law, Vol. 1, § 9-3, "Maritime Liens and Ship Mortgages" (2d. Ed. 1994).

12.

ARTCO Stevedoring has a maritime lien against the Vessel for the full amount of its claim, and is entitled to have the Vessel seized and sold, and further to have the charges paid in preference and priority to other claims.

WHEREFORE, ARTCO Stevedoring prays that:

1.    A copy of the Verified Complaint be served upon the Vessel, *in rem*;

2.    All persons claiming any right, title, or interest in the Vessel her engines, boilers, tackle, appurtenances, etc., be summoned to appear, file their claim, as owner, and to answer under oath all and singular the matters aforesaid, and that after due proceedings, said Vessel be condemned and sold to pay the demands aforesaid, with interest costs, and disbursements;

3.    That the Court recognize a maritime lien against the Vessel, *in rem*, in favor of ARTCO Stevedoring for an amount in amount of $185,675.31, plus interest;

4.    That a Warrant of Arrest be issued calling for the Vessel to be seized to satisfy Plaintiff's claim; and

5.    That Judgment be entered in favor of ARTCO Stevedoring against the Vessel, *in rem*, at least in the amount of $185,675.31, together with all other amounts shown at trial including, but not limited to, interest and attorney's fees, and that this Judgment be recognized as a priority claim based upon the Federal Maritime Lien Act so that it is paid in preference and priority to all other claims of liens including any ship mortgage(s).

Respectfully submitted:

BY: FRANKE & SALLOUM, PLLC

BY: s/

RICHARD P. SALLOUM, Ms. Bar No. 6417
rps@frslaw.com
TRACI CASTILLE, Ms. Bar No. 8348
tmc@frslaw.com
FRANKE & SALLOUM, PLLC
10071 Lorraine Road (39503)
Post Office Drawer 460
Gulfport, Mississippi 39502
228.868.7070 - Telephone
228.868.7090 - Facsimile

and

DAVID M. FLOTTE
KEVIN M. FREY
SALLEY HITE MERCER & RESOR, LLC
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.: (504) 566-8800
Fax:  (504) 566-8828
dflotte@shmrlaw.com
kfrey@shmrlaw.com

*Counsel for Plaintiff,*
*American River Transportation Co., LLC*
*d/b/a ARTCO Stevedoring*

**PLEASE SERVE AND ARREST:**

**M/V ANNE**, her engines, tackle, apparel, etc., *in rem,* with the Complaint and Verification.